**Bernard S. LEVI, Appellant**

v.

**Warden David EBBERT.**

No. 09–3325.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Oct. 16, 2009.

Opinion filed: Nov. 30, 2009.

Bernard S. Levi, Beaumont USP, Beaumont, TX, for Appellant.

Stephen R. Cerutti, II, Esq., Dennis C. Pfannenschmidt, Esq., Office of United States Attorney, Harrisburg, PA, for Appellee.

Before: BARRY, FISHER and COWEN, Circuit Judges.

OPINION

PER CURIAM.

Bernard Levi appeals the District Court's order denying his petition filed pursuant to 28 U.S.C. § 2241. For the reasons below, we will affirm.

The procedural history of this case and the details of Levi's claims are set forth in the District Court's thorough opinion and need not be discussed at length. Briefly, Levi alleged in his § 2241 petition that his custody classification score was wrongly calculated. He requested that he be transferred to a prison camp or low-security prison. The District Court determined that Levi's claims were not cognizable and dismissed the petition. Levi filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We agree with the District Court that Levi's claims concerning the determination of his custody level do not lie at the "core of habeas" and, therefore, are not cognizable in a § 2241 petition. *See Leamer v. Fauver*, 288 F.3d 532, 542–44 (3d Cir.2002). None of his claims challenge the fact or length of his sentence or confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Moreover, prisoners have no constitutional right to a particular classification. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).

Summary action is appropriate if there is no substantial question presented in the appeal. *See* Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. *See* Third Circuit I.O.P. 10.6.